UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CV-23768

YADAY GONZALEZ GODEFOY,

      Plaintiff,

vs.

MONTES DE OCA ORIGINAL PIZZA CUBANA #1, INC.,
MONTES DE OCA ORIGINAL PIZZA CUBANA #2, INC.,
MMDO CORP. d/b/a
MONTES DE OCA ORIGINAL PIZZA CUBANA, and
MANUEL MONTES DE OCA, JR.,

      Defendants.

_____/

## **COMPLAINT**

    Plaintiff, Yaday Gonzalez Godefoy, sues Defendants, Montes De Oca Original Pizza Cubana #1, Inc., Montes De Oca Original Pizza Cubana #2, Inc., MMDO Corp. d/b/a Montes De Oca Original Pizza Cubana and Manuel Montes de Oca, Jr., based on the following good cause:

### *Parties, Jurisdiction, and Venue*

    1.    **Plaintiff, Yaday Gonzalez Godefoy**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material. She was an hourly non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e). Ms. Gonzalez consents to participate in this lawsuit.

    2.    **Defendant, Montes De Oca Original Pizza Cubana #1, Inc. ("MDO1")**, is a *sui juris* Florida for-profit corporation that does business, and has operated its restaurant business here, in Miami-Dade County, Florida at all times material.

3.      **Defendant, Montes De Oca Original Pizza Cubana #2, Inc.** (**"MDO2"**), is a *sui juris* Florida for-profit corporation that does business, and has operated its restaurant business here, in Miami-Dade County, Florida at all times material.

4.      **Defendant, MMDO Corp.** (**"MMDO"**), is a *sui juris* Florida for-profit corporation that does business under the fictitious name of **Montes De Oca Original Pizza Cubana**, and has operated its restaurant business here, in Miami-Dade County, Florida at all times material.

5.      **Defendant, Manuel Montes de Oca, Jr.,** was and is the owner, managing member, principal, and/or operator of the corporate Defendants. He conducts business in this District, at all times material ran the day-to-day operations of the corporate Defendants, and was responsible for paying Plaintiff's wages.

6.      Defendants were Plaintiff's employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

7.      All Defendants employed Plaintiff.

8.      Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this Miami-Dade County, because Defendants' properties and/or the properties they manage are located in Miami-Dade County, because Defendants paid Plaintiff in Miami-Dade County, and because Plaintiff worked for Defendants in Miami-Dade County.

9.      This Court has original jurisdiction over Plaintiff' federal question claims involving 29 U.S.C. §201, *et seq.*, and 26 U.S.C. §7434.

### *Background Facts*

10.     Defendants have been at all times material engaged in interstate commerce in the course of their employing two or more employees for the relevant time period that handled goods

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' businesses an enterprise covered under the Fair Labor Standards Act.

11.     Furthermore, Defendants engaged in interstate commerce in the course of their submission of payments for goods and receipt of payment from out-of-state payors.

12.     Defendant's have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuff, produce, meats, beverages, alcoholic beverages, and products that have moved through interstate commerce.

13.     Defendants cooked, prepared, and stored perishables, beverages, and alcoholic beverages while using machinery, appliances, refrigeration goods and materials that also have moved through interstate commerce.

14.     Defendants regularly employed two or more employees that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce during the three years prior to the filing of the Complaint, thus making Defendants' business an enterprise covered under and subject to the Fair Labor Standards Act.

15.     Defendants' annual gross revenues derived from this interstate commerce, individually and collectively, are believed to be in excess of $500,000.00 for the relevant time period and/or more than $125,000 for each relevant annual fiscal quarter.

16.     Plaintiff worked for Defendants, MDO#2 and Manuel Montes de Oca, Jr., from 2008 to approximately May 2015.

17.      Plaintiff worked for Defendants, MMDO and Manuel Montes de Oca, Jr., from May 2015 to March 28, 2018.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

18.     Even though Plaintiff worked at the physical location for MMDO#2 in 2017, Defendant MMDO#1 also issued payments to Plaintiff.

19.     Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her handling and serving food, produce, and beverages that have traveled through interstate commerce while also regularly and routinely utilizing computers, equipment, telephone lines, funds, and electronic transmissions that also traveled through interstate commerce.

20.     In addition, Plaintiff would regularly and routinely process credit cards through a terminal that would exchange electronic transmissions in and out of the State of Florida.

21.     Defendants would use different companies to pay Plaintiff during the course of 2015, utilizing an interchangeable workforce that included Plaintiff, and that further failed to recognize any corporate distinction.

22.     Defendants are believed to utilized the same documents /employee file for Plaintiff, including to deduct taxes and social security from her wages, and to make contributes for taxes and social security on her behalf.

23.     From September 2013 to December 26, 2013, Defendants claimed to have paid Plaintiff $4.77 per hour

24.     From December 27, 2013 to January 1, 2015, Defendants claimed to have paid Plaintiff $4.91 per hour.

25.     From January 2, 2015 to December 22, 2016, Defendants claimed to have paid Plaintiff $5.05 per hour.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

26.     From Defendants for 2017, Defendants claimed to have paid Plaintiff $5.10 per hour.

27.     Defendants, however, deducted additional amounts from the net wages paid to Plaintiff's, purportedly to pay for taxes, but the W-2's that Defendants issued to Plaintiff did not correspond with the wages paid to her and/or by the appropriate entity.

28.     To the extent that records exist regarding the exact dates of Plaintiff' employment, such records are in Defendants' exclusive custody.

29.     Any/all conditions precedent to filing this lawsuit have been satisfied by Plaintiff.

30.     Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## <u>COUNT I – FLSA MINIMUM WAGE VIOLATION(S)</u>

Plaintiff reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

31.     In 1966, the FLSA was amended to extend minimum wage protection to employees of restaurants [and] special provisions were made for employees who received tips. Sen. Rep. 89-1487, *3013. Prior to 1966, "tipped employees" were not protected by the FLSA. Restaurants were not obligated to pay a minimum wage to a "tipped employee." "Under the 1966 amendments [tipped] employees are entitled to receive the prevailing minimum wage for each hour worked by them in a given week." *Hodgson v. Bern's Steak House, Inc*., 1971 WL 843, * 3 (M.D. Fla. 1971) see also *Olson v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570, 1578-79 (11th Cir. 1985) *modified on other grounds,* 776 F.2d 265 (11th Cir. 1985) (minimum wage must be paid for each and every hour worked.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

32.     The failure to pay for each hour worked invalidates the tip credit. *Chisolm v. Gravitas Rest. Ltd.*, 2008 WL 838760 (S.D. Tex. 2008).

33.     The "wage" that restaurants "shall pay" to a tipped employee is explained in 29 U.S.C.A. § 203(m): "the amount paid such employee by the employee's employer shall be an amount equal to" the required reduced cash wage. The statute contains a second sentence which states, the employer "is required to pay [an] amount [which] shall be not less than the cash wage required." *Id.*

34.     Defendants purported to claim a "tip credit" allowed by the FLSA and Florida law. The FLSA, 29 U.S.C. §203(m), allows Defendants to pay less than the required minimum wage by taking a "tip credit," in order to satisfy its minimum wage obligation. However, in order to utilize the "tip credit," Defendants must strictly comply with the FLSA.

35.     A condition precedent to the "tip credit" availability is that Defendants must inform employees of its intention to take a "tip credit." The "tip credit" is not applicable herein, because Defendants failed to "inform" Plaintiff of their intention to claim a "tip credit," as is required by the FLSA at 29 U.S.C. §203(m). Defendants could not have informed Plaintiff, as they had a built-in policy to deduct from Plaintiff's wages, and thus Plaintiff's pay fell below the minimum wage for tipped employees. Knowledge that there is a "tip credit" in the industry is insufficient. Defendants failed to comply with the informational requirements of 29 C.F.R. §531.59(b), in that (1) Defendants failed to inform Plaintiff about the "tip credit" altogether; (2) the amount of the cash wage that is to be paid to the tipped employee by the employer; (3) the additional amount by which the wages of the tipped employee are increased on account of the "tip credit" claimed by the employer; (4) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

customarily and regularly receive tips; and (5) that the tip credit shall not apply to any employee who has not been informed of these requirements in this §531.59(b).

36.     During the Relevant Time Period, Plaintiff was not paid for all hours regular hours worked in excess of those for which she was scheduled, since Defendants did not maintain accurate time records identifying the dates and times that Plaintiff started and stopped working.

37.     During the Relevant Time Period of June 30, 2017 to March 29, 2018, Defendants did not pay Plaintiff at least a "tip credit" wage for all regular hours worked by deducting amounts from the wages paid to her under the guise of deducting for "taxes", when such amounts were not actually used to pay for taxes or withholdings.

38.     Defendants willfully and intentionally refused to pay Plaintiff even a minimum wage for all of the hours that she worked during the relevant time period.

39.     Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff a minimum wage for each of the hours worked during the relevant time period violated the FLSA and then failed to timely correct their violation.

WHEREFORE Plaintiff, Yaday Gonzalez Godefoy, demands the entry of a judgment in her favor and against Defendants, Defendants, Montes De Oca Original Pizza Cubana #2, Inc., MMDO Corp. d/b/a Montes De Oca Original Pizza Cubana and Manuel Montes de Oca, Jr., jointly and severally, jointly and severally, after trial by jury and as follows:

      a.     That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

b.    That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

c.    That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d.    That Plaintiff recover all interest allowed by law;

e.    That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f.    That the Court declare Defendants to be in willful violation of the minimum wage provisions of the FLSA; and

g.    Such other and further relief as the Court deems just and proper.

### COUNT II – FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Yaday Gonzalez Godefoy, reincorporates and re-alleges paragraphs 1 through 30 as though set forth fully herein and further alleges as follows:

40.    Defendants failed and refused to pay Plaintiff overtime wages of at least one and one-half times her regular rate of pay for all hours worked over 40 in a workweek.

41.    Plaintiff routinely worked in excess of 40 hours per week for Defendants, failed and refused to pay her overtime wages calculated at one and one-half times her regular rate of pay of at least a minimum wage for all hours worked over 40 in a workweek.

42.    Defendants knew and/or reasonably should have known that Plaintiff actually worked more than 40 hours per week.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

43.     Defendants willfully and intentionally refused to pay Plaintiff time and one-half of at least the applicable Florida minimum wage for each of the overtime hours that she worked for Defendants.

44.     Defendants either recklessly failed to investigate whether their failure to pay Plaintiff overtime wages during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendant were not required to pay her, and/or Defendants concocted a scheme pursuant to which it deprived Plaintiff the overtime wages she earned.

45.     Plaintiff is entitled to a back pay award of minimum wages for all unpaid hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Yaday Gonzalez Godefoy, demands the entry of a judgment in his favor and against Defendants, Montes De Oca Original Pizza Cubana #1, Inc., Montes De Oca Original Pizza Cubana #2, Inc., MMDO Corp. d/b/a Montes De Oca Original Pizza Cubana, and Manuel Montes de Oca, Jr., after trial by jury and as follows:

a.      That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b.      That Plaintiff recover pre-judgment interest if he is not awarded liquidated damages;

c.      That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

d.       That the Defendants be Ordered to make Plaintiff whole by providing appropriate overtime wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e.       That Plaintiff recovers all interest allowed by law; and

f.       Such other and further relief as the Court deems just and proper.

## COUNT III – VIOLATION(S) OF 26 U.S.C. §7434

Plaintiff, Yaday Gonzalez Godefoy, reincorporates and re-alleges paragraphs 1 through 26 as though set forth fully herein and further alleges as follows:

46.       Defendants, MDO#1, MDO#2, MMDO, and Manuel Montes de Oca, Jr., each had a non-delegable legal duty to provide correct information returns to the IRS and to Plaintiff.

47.       Defendants, MDO#1, MDO#2, MMDO, and Manuel Montes de Oca, Jr., served/filed and/or caused to be served/filed knowingly false annual tax returns for the 2013, 2014, 2015, 2016, and/or 2017 calendar years by failing to identify the correct amount of wages paid to Plaintiff in each of these years in the W-2's transmitted for each such year.

48.       Defendants, MDO#1, MDO#2, MMDO, and Manuel Montes de Oca, Jr., served/filed and/or caused to be served/filed knowingly false annual tax returns for the 2013, 2014, 2015, 2016, and/or 2017 calendar years by failing to identify the correct amount of wages paid to Plaintiff in each of these years in the W-2's transmitted for each such year.

49.       Defendants, MDO#1, MDO#2, MMDO, and Manuel Montes de Oca, Jr., provided paychecks and/or pay stubs to Plaintiff and are directly responsible for the issuance of paychecks to her, calculations of withholdings from Plaintiff's pay, the payment of taxes to the IRS, the preparation of their annual income tax returns, the preparation and filing of Form 941's, and the filing of information returns on their own behalf.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

50.     Plaintiff suffered damages as a result of Defendants' willful provision of false information returns, including the under/overpayment of taxes, the failure to receive the required contribution to her taxes by her (correct) employers, the lack of a contribution to social security for 2013-2017 for the wages she received, and the like, as a result of Defendants' intentional and willful acts as described above.

51.     Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**
If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

(2) the costs of the action, and

(3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Yaday Gonzalez Godefoy, demands the entry of a judgment in his favor and against Defendants, Montes De Oca Original Pizza Cubana #1, Inc., Montes De Oca Original Pizza Cubana #2, Inc., MMDO Corp. d/b/a Montes De Oca Original Pizza Cubana, and Manuel Montes de Oca, Jr., after trial by jury and as follows:

a.      That Plaintiff recover the greater of $5,000 for each fraudulent information return filed by each Defendant for each year during the past six (6) years or the damages proximately caused by each Defendant's conduct for each year during the past six (6) years;

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

b.      That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to 26 U.S.C. §7434;

c.      That Plaintiff recover all interest allowed by law; and

d.      Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated this 13th day of September, 2018.

FAIRLAW FIRM
*Counsel for Plaintiff*
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:    305.230.4884
Fax:    305.230.4844

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com