UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-CV-23768-MORENO/LOUIS

YADAY GONZALEZ GODEFOY,
ADIANÉS FABIEN ANGLÉS GONZÁLEZ, and
LISMAY REYES GARCIA,

       Plaintiffs,

vs.

MONTES DE OCA ORIGINAL PIZZA CUBANA #1, INC.,
MONTES DE OCA ORIGINAL PIZZA CUBANA #2, INC.,
MMDO CORP. d/b/a
MONTES DE OCA ORIGINAL PIZZA CUBANA,
PIZZERIA LA MEJOR CORPORATION,
MANUEL MONTES DE OCA, JR., and
ALEXIS MEDEROS,

       Defendants.
_____/

## **FIRST AMENDED COMPLAINT**

       Plaintiffs, Yaday Gonzalez Godefoy, Adianés Fabien Anglés González, and Lismay Reyes Garcia, sue Defendants, Montes De Oca Original Pizza Cubana #1, Inc., Montes De Oca Original Pizza Cubana #2, Inc., MMDO Corp. d/b/a Montes De Oca Original Pizza Cubana, Pizzeria La Mejor Corporation, Manuel Montes de Oca, Jr., and Alexis Mederos, based on the following good cause:

### *Parties, Jurisdiction, and Venue*

    1.    **Plaintiff, Yaday Gonzalez Godefoy**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material. She was an hourly non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

    2.    Ms. Gonzalez Godefoy consents to participate in this lawsuit.

1

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884  FAX 305.230.4844
*www.fairlawattorney.com*

3.      Plaintiff, Adianés Fabien Anglés González, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material. She was an hourly non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

4.      Ms. Anglés González consents to participate in this lawsuit.

5.      **Plaintiff, Lismay Reyes Garcia**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material. She was an hourly non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

6.      Ms. Reyes Garcia consents to participate in this lawsuit.

7.      **Defendant, Montes De Oca Original Pizza Cubana #1, Inc. ("MDO1")**, is a *sui juris* Florida for-profit corporation that does business, and has operated its restaurant business here, in Miami-Dade County, Florida, at all times material.

8.      **Defendant, Montes De Oca Original Pizza Cubana #2, Inc. ("MDO2")**, is a *sui juris* Florida for-profit corporation that does business, and has operated its restaurant business here, in Miami-Dade County, Florida, at all times material.

9.      **Defendant, MMDO Corp. ("MMDO")**, is a *sui juris* Florida for-profit corporation that does business under the fictitious name of **Montes De Oca Original Pizza Cubana**, and has operated its restaurant business here, in Miami-Dade County, Florida, at all times material.

10.     **Defendant, Manuel Montes de Oca, Jr.,** was and is the owner, managing member, principal, and/or operator of MDO1, MDO2, and MMDO. He conducted business in this District at all times material, ran the day-to-day operations of MDO1, MDO2, and MMDO, and was responsible for paying all wages and making all operational decisions.

11.     **Defendant, Manuel Montes de Oca, Jr.,** was and is the owner, managing

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

member, principal, and/or operator of MDO1, MDO2, and MMDO. He conducted business in this District at all times material, ran the day-to-day operations of MDO1, MDO2, and MMDO, and was responsible for paying all wages and making all operational decisions.

12. **Defendant, Pizzeria La Mejor Corporation ("Pizzeria")**, is a *sui juris* Florida for-profit corporation that was administratively dissolved for failing to file its annual report on September 28, 2018. Pizzeria has operated and continues to operate its restaurant business here, in Miami-Dade County, Florida, at all times material.

13. **Defendant, Alexis Mederos,** was and is the owner, managing member, principal, and/or operator of Pizzeria. He conducted business in this District at all times material, ran the day-to-day operations of Pizzeria, and was responsible for paying all wages and making all operational decisions.

14. **Defendant, Alexis Mederos,** was and is the owner, managing member, principal, and/or operator of Pizzeria, MDO1, MDO2, and MMDO. He conducted business in this District at all times material, ran the day-to-day operations of Pizzeria, MDO1, MDO2, and MMDO, and was responsible for paying all wages and making all operational decisions.

15. **Defendants, Pizzeria and Mederos,** began operating the restaurants owed by MDO1, MDO2, MMDO, and/or Mr. Montes de Oca, Jr. at the same physical locations of 4360 N.W. 7th Street, Miami, FL 33126, and at 5243 S.W. 8th Street, Miami, FL 33134 in September/October 2018.

16. **Defendant, Pizzeria**, not only continued to operate the restaurants at the same locations, but it further utilized the same or substantially same personnel to cook, clean, and/or serve at each restaurant.

17. **Defendant, Pizzeria**, also utilized the same ovens, materials and equipment to

3

continue the operations of each restaurant.

18.    Because Plaintiff, Gonzalez Godefoy, and at least one of her co-workers (who is not a party to this Amended Complaint) made a claim through the Miami-Dade Wage Theft Department against MDO1, MDO2, MMDO, and/or Mr. Montes de Oca, Jr., prior to the filing of this lawsuit (back in July 2018), to which Mr. Montes de Oca, Jr., responded on September 11, 2018, Defendants, Pizzeria and Mr. Mederos, either knew or should have known through the exercise of due diligence of Plaintiffs' claim for unpaid/underpaid wages during their due diligence process and the underpayment of wages to other employees.

19.    **Defendants, Pizzeria's and Mederos'** continued operation of the subject restaurants using the same personnel, supervisory personnel, at the same locations, under the same (or similar) fictitious name amounts to a continuation of the operations of MDO1, MDO2, and MMDO.

20.    Plaintiff attempted to serve MDO1, MDO2, and MMDO, but the entities were no longer operating (with no registered agents available).

21.    Defendants were Plaintiff's employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

22.    Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this Miami-Dade County, because Defendants' properties and/or the properties they manage are located in Miami-Dade County, because Defendants paid Plaintiff in Miami-Dade County, and because Plaintiff worked for Defendants in Miami-Dade County.

23.    This Court has original jurisdiction over Plaintiffs' federal question claims involving 29 U.S.C. §201, *et seq.*, and 26 U.S.C. §7434.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

## *Background Facts*

24.     Defendants have been at all times material engaged in interstate commerce in the course of their employing two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' businesses an enterprise covered under the Fair Labor Standards Act.

25.     Furthermore, Defendants engaged in interstate commerce in the course of their submission of payments for goods and receipt of payment from out-of-state payors.

26.     Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuff, produce, meats, beverages, alcoholic beverages, and products that have moved through interstate commerce.

27.     Defendants cooked, prepared, and stored perishables, beverages, and alcoholic beverages while using machinery, appliances, refrigeration goods and materials that also have moved through interstate commerce.

28.     Defendants regularly employed two or more employees that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce during the three years prior to the filing of the Complaint, thus making Defendants' business an enterprise covered under and subject to the Fair Labor Standards Act.

29.     Defendants' annual gross revenues derived from this interstate commerce, individually and collectively, are believed to be in excess of $500,000.00 for the relevant time period and/or more than $125,000 for each relevant annual fiscal quarter.

5

30.     Plaintiffs worked for Defendants during the three years prior to the filing of this lawsuit.

31.     Plaintiffs' work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for Defendants in the course of their handling and serving food, produce, and beverages that have traveled through interstate commerce while also regularly and routinely utilizing computers, equipment, telephone lines, funds, and electronic transmissions that also traveled through interstate commerce.

32.     In addition, Plaintiffs would regularly and routinely process credit cards through a terminal that would exchange electronic transmissions in and out of the State of Florida.

33.     Defendants would use different companies to pay Plaintiffs during the course of their employment, utilizing an interchangeable workforce that included Plaintiffs, and that further failed to recognize any corporate distinction.

34.     Defendants are believed to utilized the same documents /employee file for Plaintiffs, including to deduct taxes and social security from her wages, and to make contributes for taxes and social security on her behalf.

35.     Defendants, however, deducted additional amounts from the net wages paid to Plaintiffs, purportedly to pay for taxes, but the W-2's that Defendants issued to Plaintiffs did not correspond with the wages paid to her and/or by the appropriate entity.

36.     To the extent that records exist regarding the exact dates of Plaintiffs' employment, such records are in Defendants' exclusive custody.

37.     Any/all conditions precedent to filing this lawsuit have been satisfied by Plaintiffs.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

38.     Plaintiffs retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S)

Plaintiffs, Yaday Gonzalez Godefoy, Adianés Fabien Anglés González, and Lismay Reyes Garcia, reincorporate and re-allege all preceding paragraphs as though set forth fully herein and further allege as follows:

39.     In 1966, the FLSA was amended to extend minimum wage protection to employees of restaurants [and] special provisions were made for employees who received tips. Sen. Rep. 89-1487, *3013. Prior to 1966, "tipped employees" were not protected by the FLSA. Restaurants were not obligated to pay a minimum wage to a "tipped employee." "Under the 1966 amendments [tipped] employees are entitled to receive the prevailing minimum wage for each hour worked by them in a given week." *Hodgson v. Bern's Steak House, Inc*., 1971 WL 843, * 3 (M.D. Fla. 1971) see also *Olson v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570, 1578-79 (11th Cir. 1985) *modified on other grounds*, 776 F.2d 265 (11th Cir. 1985) (minimum wage must be paid for each and every hour worked.

40.     The failure to pay for each hour worked invalidates the tip credit. *Chisolm v. Gravitas Rest. Ltd.*, 2008 WL 838760 (S.D. Tex. 2008).

41.     The "wage" that restaurants "shall pay" to a tipped employee is explained in 29 U.S.C.A. § 203(m): "the amount paid such employee by the employee's employer shall be an amount equal to" the required reduced cash wage. The statute contains a second sentence which states, the employer "is required to pay [an] amount [which] shall be not less than the cash wage required." *Id.*

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

42.     Defendants purported to claim a "tip credit" allowed by the FLSA and Florida law. The FLSA, 29 U.S.C. §203(m), allows Defendants to pay less than the required minimum wage by taking a "tip credit," in order to satisfy its minimum wage obligation. However, in order to utilize the "tip credit," Defendants must strictly comply with the FLSA.

43.     A condition precedent to the "tip credit" availability is that Defendants must inform employees of its intention to take a "tip credit." The "tip credit" is not applicable herein, because Defendants failed to "inform" Plaintiffs of their intention to claim a "tip credit," as is required by the FLSA at 29 U.S.C. §203(m). Defendants could not have informed Plaintiffs, as they had a built-in policy to deduct from Plaintiffs' wages, and thus Plaintiffs' pay fell below the minimum wage for tipped employees. Knowledge that there is a "tip credit" in the industry is insufficient. Defendants failed to comply with the informational requirements of 29 C.F.R. §531.59(b), in that (1) Defendants failed to inform Plaintiffs about the "tip credit" altogether; (2) the amount of the cash wage that is to be paid to the tipped employee by the employer; (3) the additional amount by which the wages of the tipped employee are increased on account of the "tip credit" claimed by the employer; (4) that all tips received by the tipped employee must be retained by the employee except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips; and (5) that the tip credit shall not apply to any employee who has not been informed of these requirements in this §531.59(b).

44.     During the Relevant Time Period, Plaintiffs were not paid for all hours regular hours worked in excess of those for which she was scheduled, since Defendants did not maintain accurate time records identifying the dates and times that Plaintiffs started and stopped working.

45.     During the Relevant Time Period of June 30, 2017 to March 29, 2018, Defendants did not pay Plaintiffs at least a "tip credit" wage for all regular hours worked by

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

deducting amounts from the wages paid to her under the guise of deducting for "taxes", when such amounts were not actually used to pay for taxes or withholdings.

46.    Defendants willfully and intentionally refused to pay Plaintiffs even a minimum wage for all of the hours that they worked during the relevant time period.

47.    Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiffs a minimum wage for each of the hours worked during the relevant time period violated the FLSA and then failed to timely correct their violation.

WHEREFORE Plaintiffs, Yaday Gonzalez Godefoy, Adianés Fabien Anglés González, and Lismay Reyes Garcia, demand the entry of a judgment in their favor and against Defendants, Montes De Oca Original Pizza Cubana #1, Inc., Montes De Oca Original Pizza Cubana #2, Inc., MMDO Corp. d/b/a Montes De Oca Original Pizza Cubana, Pizzeria La Mejor Corporation, Manuel Montes de Oca, Jr., and Alexis Mederos, jointly and severally, jointly and severally, after trial by jury and as follows:

    a.    That Plaintiffs recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

    b.    That Plaintiffs recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

    c.    That Plaintiffs recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

    d.    That Plaintiffs recover all interest allowed by law;

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

e.   That Defendants be Ordered to make Plaintiffs whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f.   That the Court declare Defendants to be in willful violation of the minimum wage provisions of the FLSA; and

g.   Such other and further relief as the Court deems just and proper.

## <u>COUNT II – FLSA OVERTIME WAGE VIOLATION(S)</u>

Plaintiffs, Yaday Gonzalez Godefoy, Adianés Fabien Anglés González, and Lismay Reyes Garcia, reincorporate and re-allege paragraphs 1 through 38 as though set forth fully herein and further allege as follows:

48.   Defendants failed and refused to pay Plaintiffs overtime wages of at least one and one-half times their regular rate(s) of pay for all hours worked over 40 in a workweek.

49.   Plaintiffs routinely worked in excess of 40 hours per week for Defendants, failed and refused to pay them overtime wages calculated at one and one-half times her regular rate(s) of pay of at least a minimum wage for all hours worked over 40 in a workweek.

50.   Defendants knew and/or reasonably should have known that Plaintiffs actually worked more than 40 hours per week.

51.   Defendants willfully and intentionally refused to pay Plaintiffs overtime wages of one and one-half times at least the applicable Florida Minimum Wage for each of the overtime hours that they worked for Defendants.

52.   Defendants either recklessly failed to investigate whether their failure to pay Plaintiffs overtime wages during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiffs to believe that Defendants were not required to

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

pay her, and/or Defendants concocted a scheme pursuant to which it deprived Plaintiff the overtime wages she earned.

53.     Plaintiffs are entitled to a back pay award of minimum wages for all unpaid hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiffs, Yaday Gonzalez Godefoy, Adianés Fabien Anglés González, and Lismay Reyes Garcia, demand the entry of a judgment in their favor and against Defendants, Montes De Oca Original Pizza Cubana #1, Inc., Montes De Oca Original Pizza Cubana #2, Inc., MMDO Corp. d/b/a Montes De Oca Original Pizza Cubana, Pizzeria La Mejor Corporation, Manuel Montes de Oca, Jr., and Alexis Mederos, jointly and severally, after trial by jury and as follows:

a.      That Plaintiffs recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b.      That Plaintiffs recover pre-judgment interest if they is not awarded liquidated damages;

c.      That Plaintiffs recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d.      That the Defendants be Ordered to make Plaintiffs whole by providing appropriate overtime wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e.      That Plaintiffs recover all interest allowed by law; and

f.      Such other and further relief as the Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

## COUNT III − VIOLATION(S) OF 26 U.S.C. §7434

Plaintiffs, Yaday Gonzalez Godefoy, Adianés Fabien Anglés González, and Lismay Reyes Garcia, reincorporates and re-allege paragraphs 1 through 38 as though set forth fully herein and further alleges as follows:

54.     Defendants, MDO#1, MDO#2, MMDO, and Manuel Montes de Oca, Jr., each had a non-delegable legal duty to provide correct information returns to the IRS and to each Plaintiff.

55.     Defendants, MDO#1, MDO#2, MMDO, and Manuel Montes de Oca, Jr., served/filed and/or caused to be served/filed knowingly false annual tax returns for the 2013, 2014, 2015, 2016, and/or 2017 calendar years by failing to identify the correct amount of wages paid to each Plaintiff in each of these years in the W-2's transmitted for each such year.

56.     Defendants, MDO#1, MDO#2, MMDO, and Manuel Montes de Oca, Jr., served/filed and/or caused to be served/filed knowingly false annual tax returns for the 2013, 2014, 2015, 2016, and/or 2017 calendar years by failing to identify the correct amount of wages paid to each Plaintiff in each of these years in the W-2's transmitted for each such year.

57.     Defendants, MDO#1, MDO#2, MMDO, and Manuel Montes de Oca, Jr., provided paychecks and/or pay stubs to each Plaintiff and are directly responsible for the issuance of paychecks to them, calculations of withholdings from each Plaintiff's pay, the payment of taxes to the IRS, the preparation of their annual income tax returns, the preparation and filing of Form 941's, and the filing of information returns on their own behalf.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

58.     Plaintiffs suffered damages as a result of Defendants' willful provision of false information returns, including the under/overpayment of taxes, the failure to receive the required contribution to her taxes by her (correct) employers, the lack of a contribution to social security for 2013-2017 for the wages each received, and the like, as a result of Defendants' intentional and willful acts as described above.

59.     Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**
If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),

(2) the costs of the action, and

(3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiffs, Yaday Gonzalez Godefoy, Adianés Fabien Anglés González, and Lismay Reyes Garcia, demands the entry of a judgment in his favor and against Defendants, Montes De Oca Original Pizza Cubana #1, Inc., Montes De Oca Original Pizza Cubana #2, Inc., MMDO Corp. d/b/a Montes De Oca Original Pizza Cubana, and Manuel Montes de Oca, Jr., after trial by jury and as follows:

a.     That each Plaintiff recover the greater of $5,000 for each fraudulent information return filed by each Defendant for each year during the past

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

six (6) years or the damages proximately caused by each Defendant's

conduct for each year during the past six (6) years;

b.      That each Plaintiff recover an award of reasonable attorneys fees, costs,

and expenses pursuant to 26 U.S.C. §7434;

c.      That each Plaintiff recover all interest allowed by law; and

d.      Such other and further relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs demand a trial by jury of all issues so triable.

Dated this <u>13th</u> day of December, 2018.

> FAIRLAW FIRM
> *Counsel for Plaintiff*
> 7300 N. Kendall Drive
> Suite 450
> Miami, FL 33156
> Tel:    305.230.4884
> Fax:    305.230.4844
>
> s/Brian H. Pollock, Esq.
> Brian H. Pollock, Esq.
> Fla. Bar No. 174742
> brian@fairlawattorney.com

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*